RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; ANTONIO RULLÁN, Intervener.

No. 116.—Argued June 3, 1947.—Decided July 9, 1947.

*Luis Negrón Fernández, Attorney General,* and *Elmer Toro Lucchetti,* Deputy Attorney General, for petitioner. *J. J. Ortiz Alibrán* for intervener, complainant in the main proceeding.

[2] Pursuant to Act No. 451, of 1947, this Section is amended and the power is vested in the Commissioner of Labor.

Mr. Justice Marrero delivered the opinion of the Court.

José, Salvador, and Antonio Rullán, who are brothers, are the principal stockholders of Sucrs. de A. Mayol & Co., Inc. On June 19, 1940, each of the two former sold to the latter 400 shares owned by them in said corporation,[1] it being agreed among them that Antonio would pay annual interest at 8 per cent on the whole amount as well as the value thereof, "whenever he wished." The Rullán brothers do not keep any accounting books and the sale of the shares was entered only in the Stockholder and Transfer Books and in the Journal and Ledger of the corporation. In 1940 and 1941, Antonio made no payment to his brothers of the interest on the value of the shares, but in October, 1942, he paid to each one the amount of $7,476.66 as interest payment of 8 per cent annually on the par value of the shares. In his income tax return for 1942, Antonio deducted not only said interest payment but also other payments which he made to his brothers for interest on personal loans. The Treasurer of Puerto Rico disallowed these deductions, and after filing a motion for reconsideration and for an administrative hearing,[2] which were denied by the Treasurer, Antonio Rullán, intervener herein, appealed to the Tax Court.[3]

After a hearing on the merits, during which the parties presented a stipulation as well as oral and documentary evidence, the Tax Court rendered its decision on September 6, 1946, granting the complaint in all its parts. From this decision the Treasurer of Puerto Rico has appealed to us by way of certiorari [4] which we granted. In support thereof he maintains that "The Tax Court erred in construing § 16 of the Income Tax Act and in deciding that, pursuant to the

---

[1] The shares were sold at a par value of $100 a share. The estimated value of each one ranged from $120 to $125.

[2] See § 57(a) of Income Tax Act, No. 74 of August 6, 1925 (Laws of 1925, p. 400), as amended by Act No. 23 of November 21, 1941, (Spec. Sess. Laws, pp. 72 and 80).

[3] Act No. 169 of May 15, 1943 (Laws of 1943, p. 600).

[4] Act 169, supra, § 5 (p. 608).

provisions thereof, the taxpayer could deduct from his income the amounts which he paid to his brothers as interest."

Before proceeding, it is pertinent to state that the evidence also tends to show that Antonio Rullán paid tax on the dividends received by him corresponding to the 800 shares purchased from his brothers; that they all filed returns on a cash basis; and that José and Salvador reported in their returns the interest paid by Antonio in 1942 on the value of the shares. Furthermore, that there is no controversy with respect to the legitimacy of the transactions or of the entries appearing in the books of the corporation; and that the controversy centers solely on whether or not the interest paid by intervener herein to his brothers is deductible from his gross income for said year.

█ Section 16(a)(2) of the Income Tax Act (No. 74 of August 6, 1925, Sess. Laws, p. 400), as amended by Act No. 31 of April 12, 1941 (Sess. Laws, pp. 478, 494), in its pertinent part, reads as follows:

"Section 16.(a) In computing net income there shall be allowed as deductions:

". . . . . . . .

"(2) All interest paid or accrued within the taxable year on indebtedness, . . . . . Provided, That no interest is deductible if it is payable between members of one family . . . . ."

In deciding the case in favor of the intervener, the Tax Court cites volume 4, § 26.02, p. 536 of Mertens, "Law of Federal Income Taxation." However, on examining this treatise it is immediately noted that the provisions of the Federal Internal Revenue Code copied therein are taken from the amendment introduced to the 1938 Act and that its context is not similar to, but entirely different from, the amendment introduced in 1941 to the Income Tax Act of Puerto Rico, which we copied above in its pertinent part. This being so, the text cited is not applicable to the case at bar.

The Tax Court in its opinion also stressed the fact that the interest *was not payable* between Antonio Rullán and his brothers but on the contrary that it *had already been paid*. In our opinion, the decision of the Tax Court is likewise untenable on this point.

The clear language of our statute is to the effect that no interest is deductible if *payable* between members of a family. It is conceded that the interest was paid by the intervener to his two brothers. Their relationship is unquestionable. The fact that the statute uses the term *payable* does not have, in our judgment, the restrictive scope which the Tax Court placed thereon. The purpose of the Legislature was to disallow the deduction of interest which passed from one member of a family to another. The fact that instead of using the word *paid* it used the term *payable* does not change the situation.

Furthermore, it should be borne in mind that deductions are a matter of legislative grace and they should always be construed restrictively against the person alleging a right thereto. Deductions as well as exemptions should appear clearly from the statutes allowing them and should be free from ambiguity. *White* v. *United States,* 305 U. S. 281, 292, and *Deputy* v. *Du Pont,* 308 U. S. 488, 493.

It is true that there is a long line of cases where the deduction of interest paid between members of one family has been allowed. Nevertheless, these cases deal with the construction of statutes which do not contain the prohibition of ours. See for example *Montgomery* v. *Thomas,* 146 F.(2d) 76, 81, where the ruling was that interest paid by a father to his children was deductible by the former. That case, however, dealt with the construction of the Federal Internal Revenue Act, as amended in 1938 (52 Stat. 447), which provides that interest paid or accrued within the taxable year on indebtedness is deductible from gross income. As it may be seen, this Section of the Federal Act only contains the

552

introductory part of § 16(a)(2) of our Income Tax Act but not the proviso thereof to which we have repeatedly referred.

The decision rendered by the Tax Court in Case I–209 T.C. of said court is reversed.